Ahren A. Tiller, Esq. [SBN: 250608]
BLC Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone (619) 894-8831
Facsimile: (866) 444-7026

Attorneys for Plaintiff
BRYAN C. BENNETT

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN C. BENNETT<br><br>            Plaintiff,<br><br>     vs.<br><br>UNITED COLLECTION BUREAU, INC., and DOES 1-10<br><br>            Defendant, | Case No.: '21CV51    DMS AGS<br><br>**COMPLAINT FOR DAMAGES FOR (1) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE §§ 1788-1778.32); FAIR DEBT COLLECTIONS PRACTICES ACT (15 U.S.C. § 1692,** *et. seq.***) AND (3-4) VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227,** *et. seq.***)**<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES
### INTRODUCTION

1. BRYAN C. BENNETT (hereinafter referred to as "Plaintiff"), by and through his Counsel of record, brings this action against UNITED COLLECTION BUREAU, INC. (hereinafter referred to as "UCB" or "Defendant") and DOES 1-10, inclusive, (all parties other than Plaintiff, hereinafter are collectively referred to as "Defendants"), pertaining to actions by Defendant to unlawfully collect a consumer debt allegedly owed by Plaintiff, including but not limited to collection

via the use of an Automated Telephone Dialing System ("ATDS") and/or Artificial or Prerecorded Voice in violation of the Telephone Consumer Protection Act, ("TCPA" [47 U.S.C. § 227 *et seq.*], and contacting the Plaintiff despite being put on notice in writing that Plaintiff was represented by Counsel in violation of the federal Fair Debt Collection Practices Act ("FDCPA" [15 U.S.C. § 1692, *et. seq.*]), and California Rosenthal Fair Debt Collection Practices Act ("RFDCPA" [Cal. Civ. C. §§ 1788-1788.32]), thereby invading Plaintiff's privacy, and causing Plaintiff damages.

2. After finding, "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," Congress passed the Fair Debt Collection Practices Act (hereinafter "FDCPA") in 1977 to eliminate abusive debt collection practices by debt collectors and to ensure that those debt collectors who refrain from using abusive practices are not competitively disadvantaged.[1]

3. The California legislature determined that unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system. The legislature further determined there is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty, and due regard for the rights of others. The legislature's explicit purpose of enacting the Rosenthal Fair Debt Collection Practices Act of California (hereinafter "RFDCPA") was to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts.[2]

4. The Telephone Consumer Protections Act (hereinafter referred to as "the TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints

---

[1] 15 U.S.C. § 1692, *et. seq.*
[2] CA Civil Code §§ 1788.1(a)-(b)

- 2 -
*BENNETT vs. United Collection Bureau - Complaint for Damages*

about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

5. In enacting the TCPA, Congress specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." *Id.* at §§ 12-13.  See also, *Mims,* 132 S. Ct., at 744.

6. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 638 (7th Cir. 2012)

7. Plaintiff makes the allegations contained herein on information and belief, except as to those allegations regarding himself, which are made on personal knowledge.

## JURISDICTION AND VENUE

8. This action is based on Defendant's violations of the RFDCPA found in California Civil Code §§ 1788 - 1788.32; the FDCPA found in Title 15 of the United States Code Section 1692, *et. seq.*; and the TCPA found in Title 47 of the United States Code Section 227, *et seq.*.

9. This Court has jurisdiction over Defendant, pursuant to 28 U.S.C. § 1331, as the unlawful practices alleged herein involve a federal question under the FDCPA and TCPA.

10. This Court has jurisdiction over the Defendant, as the unlawful practices alleged herein occurred in California, in the County of San Diego and violated California's Civil Code §§ 1788 - 1788.32.

11. This Court further has supplemental jurisdiction over Plaintiff's California Causes of action, pursuant to 28 U.S.C. § 1367(a), as Plaintiff's California state law claims are so related to Plaintiff's Federal FDCPA and TCPA claims in this action, that they form part of the same case or controversy.

12. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all or some of the unlawful practices and violations of law alleged herein occurred and are occurring in the County of San Diego, California. Furthermore, Defendant regularly conducts business within State of California, County of San Diego, and Plaintiff resides in San Diego County, California.

## PARTIES

13. Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of San Diego, in the State of California.

14. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and therefore Plaintiff is a "debtor" as that term is describe by Cal Civ. Code §1788.2(h).

15. Plaintiff is allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. §1692(a)(3).

16. Defendant United Collection Bureau, Inc. ("UCB") is a corporation organized under the laws of the State of Ohio with its principal place of business located at: 5620 Southwyck Blvd # 206, Toledo, OH 43614-1501. Defendant transacts business throughout the State of California, including this judicial district. Defendant UCB regularly attempts to collect through the use of the U.S. mail, electronic communications, and telephones, "consumer debts" allegedly owed to

third party lenders, as that term is defined by Cal. Civ. Code §1788.2(f).

17. Defendant UCB regularly collects, or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, therefore UCB is a "debt collector" as that term is defined by 15 U.S.C. §1692(a)(6).

18. When individuals owe debts for regular monthly payments on consumer credit card accounts, and other similar obligations owed to third party lenders, which UCB has been assigned to collect, UCB regularly collects on those consumer debts through the use of the mail, electronic communications, and via the use of telephones, including an automated telephone dialing system.  Therefore, UCB is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c), and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

19. Defendant is, and all times mentioned herein, was a corporation and therefore a "person," as that term is defined by 47 U.S.C. § 153(39).

20. At all times relevant hereto, Defendant used, controlled and or operated an "automatic telephone dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1) and/or placed calls to Plaintiff's cellular telephone using an automated or prerecorded voice ("Recorded Voice") as that term is defined in 47 U.S.C. § 227(b)(1)(A).

21. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  Thus, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

## GENERAL ALLEGATIONS

22. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

23. On or about October of 2020, Defendant UCB began collecting a consumer debt

on behalf of an unknown third party, who is pled as a Doe Co-Defendant.

24. On or about November of 2020, agents for UCB called Plaintiff multiple times and requested payment through the use of an ATDS and/or a Recorded Voice, often 2-3 times per day, almost every single day.

25. The aforementioned collection calls were made to Plaintiff's cellular telephone.

26. Plaintiff sought out and retained an attorney to represent him with regards to the consumer debt being collected upon by UCB.

27. On November 14, 2020, Attorney Brett Bodie, an associate attorney at Plaintiff's Counsel's office, drafted and mailed a Cease and Desist letter ("First Letter"), whereby Mr. Bodie stated in writing that Plaintiff was revoking consent to call him via the use of an ATDS, that that Plaintiff had retained Counsel, and that UCB needed to cease calling Plaintiff pursuant to the RFDCPA ("Letter").  Said Letter clearly informed UCB that Plaintiff was represented by Counsel, thus said Letter constituted written notice pursuant to Cal. Civ. Code §§ 1788.14(c) that Plaintiff was represented by an attorney with respect to any debt allegedly owed to or serviced by Defendant, and request was thereby made that all communications regarding this alleged consumer debt must be directed exclusively to Plaintiff's attorney, and said Letter clearly revoked any prior consent to contact Plaintiff via the use of an automated dialing system phone, text, or other method, including but not limited to calls with a pre-recorded or automated voice messages.

28. On November 23, 2020, Attorney Brett Bodie, an associate attorney at Plaintiff's Counsel's office, drafted a and faxed a second Cease and Desist letter to facsimile number: (419) 866-5130 (a facsimile number owned and operated by Defendant), whereby Mr. Bodie stated in writing that Plaintiff was revoking consent to call him via the use of an ATDS, that that Plaintiff had retained Counsel, and that UCB needed to cease calling Plaintiff pursuant to the RFDCPA ("2nd Letter"). Said Letter clearly informed UCB that Plaintiff was represented by Counsel, thus said Letter constituted written notice pursuant to Cal. Civ. Code §§ 1788.14(c)

that Plaintiff was represented by an attorney with respect to any debt allegedly owed to or serviced by Defendant, and request was thereby made that all communications regarding this alleged consumer debt must be directed exclusively to Plaintiff's attorney, and said Letter clearly revoked any prior consent to contact Plaintiff via the use of an automated dialing system phone, text, or other method, including but not limited to calls with a pre-recorded or automated voice messages.

29. Despite Defendant receiving receipt of the Plaintiff's Attorney's Letters dated November 14, 2020 and November 23, 2020, Defendant continued to call Plaintiff's cellular telephone and request payments through the use of an ATDS and/or a Recorded Voice, often 2-3 times per day, almost every single day.

30. Between November of 2020 and January of 2021, Plaintiff would pick up the phone often, yet the collection calls made by UCB were usually made by an automated dialer and merely contained a robotic voice recording when he answered, therefore when he would answer the calls it would merely be a recording.  However, occasionally over that time period, Plaintiff would answer his cellular telephone and there would be a live representative of UCB on the line. On those occasions, he repeatedly informed the representative of UCB that he had retained Counsel, and told them to stop calling him.  Further, Plaintiff orally revoked UCB's alleged consent to call him via the use of an ATDS on the September 26, 2020 phone call referenced above.

31. On November 12, 2020, Plaintiff's Counsel sent via fax and U.S. Mail, yet another letter titled: "Final Warning" ("2nd Letter"), which clearly informed UCB once again that Plaintiff was represented by Counsel, thus said letter constituted written notice pursuant to Cal. Civ. Code §§ 1788.14(c) that Plaintiff was represented by an attorney with respect to any debt allegedly owed to or serviced by Defendant, and request was thereby made that all communications regarding this alleged consumer debt shall be directed exclusively to Plaintiff's attorney. Said 2nd Letter

clearly revoked any prior consent to contact Plaintiff via the use of an automated dialing system phone, text, or other method, including but not limited to calls with a pre-recorded or automated voice messages.

32. However, despite receipt of the November 14, 2020 and November 23, 2020 letters referenced above, as well as multiple oral notices via Plaintiff and Leopoldo Sanchez (paralegal from Plaintiff's Counsel's office) that Plaintiff had revoked consent to be called via an ATDS and had retained counsel regarding the subject debt, representatives of UCB have continued to call Plaintiff in excess of one-hundred (100) times on his cellular telephone via the use of and ATDS and/or Pre-Recorded voice messages.

33. Further, on January 5, 2021, Plaintiff returned one of the many collection calls made to Plaintiff by UCB, whereby he explained to the operator he had retained counsel and revoked any alleged consent to call him any further via the use of an ATDS.  On said telephone call, the telephone operator for UCB transferred Plaintiff to UCB's collection department.  After being transferred, Plaintiff explained again he had retained counsel, revoked consent, and asked UCB why they were calling him and what debt they were collecting upon.  The UCB agent in response asked for Plaintiff's telephone number.  Plaintiff provided two of his telephone numbers UCB had been calling, his name, and his address.  However, despite providing Defendant with Plaintiff's name, telephone numbers they were calling, and his address, UCB's agent stated she could not find any account associated with Plaintiff.  In response, Plaintiff even played a voicemail he had recorded from an agent of UCB named Richard, and asked if he could then talk to Richard since she was unable to locate his account.  UCB's female agent stated, "I do not know a Richard, he must be in a different department, so just answer the collection calls next time and ask them why we're calling?"  Despite said oral revocation and two cease and desist letters, Defendant UCB continues to call Plaintiff relentlessly to date.

- 8 -
BENNETT vs. United Collection Bureau - Complaint for Damages

34. Defendant has called Plaintiff over one-hundred (100) times in total, after receipt in writing and orally of notice that Plaintiff revoked any prior consent to call Plaintiff via the use of an ATDS and/or Recorded Voice, had retained Counsel for any owed to and/or being collected upon by UCB, and an explicit warning that all direct contact with Plaintiff should cease pursuant to the RFDCPA.

35. Further, Plaintiff spoke to agents for UCB on more than one occasion and stated that they should not be calling him on his cellular telephone, and reiterated that he had retained Counsel who had sent Cease and Desist Letters to UCB.

36. In said telephone calls, Plaintiff orally revoked any alleged prior consent to call Plaintiff via the use of an ATDS and/or Recorded voice. Despite said oral revocation, agents for the Defendant continued to call Plaintiff using an ATDS and/or Recorded Voice

37. Despite having received Plaintiff's letters sent to Defendant's registered corporate address, UCB continues to call Plaintiff to date, often multiple times per day in rapid succession, which is indicative of a computerized ATDS.

38. UCB, or its agents or representatives, have contacted Plaintiff on his cellular telephone over one-hundred (100) times since September 26, 2020, including through the use of an ATDS and/or Recorded voice as those terms are defined in 47 U.S.C. § 227(a)(1) and/or 47 U.S.C. § 227(b)(1)(A).

39. Many of the Defendant's calls to Plaintiff after receiving the letter contained an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

40. The multiple calls made by Defendant or its agents after September 26, 2020 were therefore made in violation of 47 U.S.C. § 227(b)(1).

41. Despite receipt of Plaintiff's Attorney's letters sent to Defendant's corporate mailing address, verbal notice from Plaintiff and Mr. Sanchez on multiple occasions to cease calling Plaintiff's cellular telephone via the use of an ATDS and/or Recorded Voice, all of which provided irrefutable notice that Plaintiff had revoked consent to call his cellular telephone by any means and that she had

retained Counsel regarding these alleged debts, Defendant continues to contact Plaintiff repeatedly to date.

# CAUSES OF ACTION

## I.

## FIRST CAUSE OF ACTION

### Violations of California Rosenthal Fair Debt Collection Practices Act
### (California Civil Code § 1788.14(c))

42. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

43. When Plaintiff's Counsel sent the cease-and-desist letters to UCB, Defendant UCB was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney.

44. When Plaintiff orally stated to representatives for UCB that he was represented by Counsel, UCB was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney, and that Plaintiff was exerting his rights not to be contacted directly regarding this debt.

45. Cal. Civ. Code §1788.14(c) provides in relevant part,

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
>
> (c) Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question.   This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

46. By calling Plaintiff on his cellular phone one-hundred (100) times after receipt of the letters from Plaintiff's Counsel, UCB violated Cal. Civ. Code §1788.14(c).

- 10 -

*BENNETT vs. United Collection Bureau - Complaint for Damages*

47. As a result of the constant collection calls by UCB, Plaintiff has experienced anxiety, fear and uneasiness, has had difficulty sleeping, and has at times been unable to calm down as the constant and harassing collection calls by UCB are overwhelming. Therefore, Plaintiff has suffered emotional distress as a result of Defendant's violations of Cal. Civ. Code §1788.14(c).

## II.
## SECOND CAUSE OF ACTION
### Violations of the Fair Debt Collection Practices Act
### (15 U.S.C. § 1692c)

48. Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of San Diego, in the State of California.

49. 15 U.S.C. §1692c(a)(2) states in pertinent part, "(a) Communication with the consumer generally…Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—…(2)if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer;…"

50. Therefore, by calling Plaintiff on his cellular phone one-hundred (100) times after receipt of the letters from Plaintiff's Counsel, UCB violated 15 U.S.C. 1692c(a)(2).

51. As a result of the constant collection calls by UCB, Plaintiff has experienced anxiety, fear and uneasiness, has had difficulty sleeping, and has at times been unable to calm down as the constant and harassing collection calls by UCB are

overwhelming.  Therefore, Plaintiff has suffered emotional distress as a result of Defendant's violations of Cal. Civ. Code §1788.14(c).

## III.
## THIRD CAUSE OF ACTION
### Negligent Violations of the TCPA
### (47 U.S.C. § 227 *et. seq.*)

52. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

53. Through the letters from Plaintiff's Counsel, and orally, Plaintiff revoked any alleged consent for UCB or its agents or representatives to call Plaintiff on his cellular telephone via the use of an ATDS and/or Recorded Voice.

54. The foregoing acts and omissions of UCB constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

55. As a result of UCB's negligent violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

56. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## IV.
## FOURTH CAUSE OF ACTION
### Knowing and/or Willful Violations of the TCPA
### (47 U.S.C. § 227 *et. seq.*)

57. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

58. Through the letters sent by Plaintiff's Counsel, and oral notice from Plaintiff, Plaintiff revoked any alleged consent for the UCB or its agents or representatives

to call Plaintiff on his cellular telephone via the use of an ATDS and/or Recorded Voice.

59. The foregoing acts of the UCB constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

60. Therefore, since UCB or its agents or representatives continued to call Plaintiff despite indisputably being informed not to call Plaintiff on multiple occasions through multiple different means, and that Plaintiff had revoked any alleged prior consent to call Plaintiff's cellular telephone via the use of an ATDS and/or Recorded Voice, UCB's acts were willful.

61. As a result of UCB's knowing and/or willful violations of 47 U.S.C. §227, *et. seq.*, the Plaintiff is entitled to an award of $1,500 in statutory damages, for each and every one of their over one-hundred (100) violations, pursuant to 47 U.S.C. § 227(b)(3)(C).

62. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff having set forth the claims for relief against Defendant UCB herein, respectfully request this Court enter a Judgment against Defendant as follows:

a. As to the First Cause of Action, an award of actual damages pursuant to Cal. Civ. Code §1788.30(a) according to proof.

b. As to the First Cause of Action, an award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b).

a. As to the First Cause of Action, an award of reasonable attorney's fees and costs pursuant to Cal. Civ. Code §1788.30(c).

b. As to the Second Cause of Action, an award of actual damages pursuant to 15

- 13 -

*BENNETT vs. United Collection Bureau - Complaint for Damages*

U.S.C. § 1692(k)(a)(1) against Defendant UCB.

c. As to the Second Cause of Action, an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692(k)(a)(2)(A) against Defendants UCB.

d. As to the Second Cause of Action, an award of reasonable attorney's fees and costs pursuant to 15 U.S.C §1692(k)(a)(3) against Defendant UCB.

e. As to the Third Cause of Action, $500 in statutory damages for each and every one of Defendant's negligent violations of 47 U.S.C. §227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(B).

f. As to the Third Cause of Action, injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

g. As to the Fourth Cause of Action, $1,500.00 in statutory damages for each and every one of Defendant's one-hundred (100) knowing and/or willful violations of 47 U.S.C. § 227(b)(1) totaling actual damages in excess of $150,000.00 in statutory damages for said willful and/or knowing 100+ violations of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(C).

h. For such other and further relief as the Court may deem just and proper.

Dated: January 11. 2021         By:    */s/ Ahren A. Tiller*
                                       Ahren A. Tiller, Esq.
                                       BLC Law Center, APC
                                       Attorneys for Plaintiff
                                       BRYAN BENNETT

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury on all issues triable by jury.

Dated: January 11, 2021                    By:    /s/ Ahren A. Tiller
                                                  Ahren A. Tiller, Esq.
                                                  BLC Law Center, APC
                                                  Attorneys for Plaintiff
                                                  BRYAN BENNETT